**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JAMES PERKINS, et al.,**

      **Plaintiffs,**

                               **Case No. 2:11-cv-952**
      **v.**                            **JUDGE GREGORY L. FROST**
                                   **Magistrate Judge E.A. Preston Deavers**

**WELLS FARGO BANK, N.A., et al.,**

      **Defendants.**

## OPINION AND ORDER

The captioned case is an action brought by Plaintiffs James Perkins and Marianne Perkins, who are proceeding *pro se* and assert twenty-one claims related to underlying state court foreclosure proceedings that resulted in a scheduled December 16, 2011 sheriff's sale of their residence.  Plaintiffs have named as defendants two banks, Wells Fargo Bank, N.A. ("Wells Fargo") and Fifth Third Bank, as well as the law firm involved in the state proceedings, Lerner, Sampson & Rothfuss.

On November 9, 2011, Plaintiffs filed a motion for a preliminary injunction by which they seek to stop the sheriff's sale.  (ECF No. 12.) Pursuant to S. D. Ohio Civ. R. 65.1(a), this Court therefore held an informal preliminary telephone conference with the parties on November 14, 2011.  The Court then set an expedited briefing schedule on the preliminary injunction motion.  (ECF No. 19.)  Wells Fargo filed a memorandum in opposition in accordance with that briefing schedule (ECF No. 25) and Plaintiffs filed both an affidavit (ECF No. 26) and a reply memorandum (ECF No. 27).  Plaintiffs have also filed an amended complaint.  (ECF No. 23.) The preliminary injunction motion came on for a hearing on November 30, 2011, at which Plaintiffs presented testimony and the parties presented oral argument on the issues raised.

In its briefing and at the hearing, Wells Fargo asserted that Plaintiffs are impermissibly attempting to have this Court review state court judgments. Review of the various attachments to the briefing and the pleading indicates that Plaintiff lost in the state courts, both in the common pleas court and the court of appeals. They have also recently unsuccessfully attempted to obtain relief from the common pleas court judgment by way of a motion that included many of the grounds they assert create the claims presented in their amended complaint before this Court. Whether Wells Fargo is correct that at the heart of these claims is an attempt to reverse the state court proceedings and that such action is barred by the *Rooker-Feldman* doctrine is open to some debate.

Recently, a judicial officer in the Northern District of Ohio addressed the application of this doctrine in a case that similarly arose from a state foreclosure proceeding and in which a *pro se* plaintiff similarly sought relief related to alleged fraud. That judicial officer explained:

> As a threshold matter, this Court cannot void the judgment of foreclosure. Federal district courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the State court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker–Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak* Park, No. 98–1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell,* 962 F.2d 288, 296 (3d Cir. 1992).
>
> The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker[-]Feldman analysis. First, in order for the Rooker–Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz*

> *v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The Rooker–Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857–59 (6th Cir. 2006). Second, the Rooker–Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiffs' particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*
>
> In the present action, Plaintiff essentially questions the state court's decision granting a foreclosure and sale. Any review of federal claims asserted in this context would require the Court to review the specific issues addressed in the state court proceedings against him. This Court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. *Feldman*, 460 U.S. at 483–84 n.16; *Catz,* 142 F.3d at 293.

*Dunn v. Clunk*, No. 1:11 CV 2075, 2011 WL 4730406, at *1-2 (N.D. Ohio Oct. 7, 2011). This same rationale might apply in the instant case where, in order to grant relief on the claims Plaintiffs assert, this Court would be called upon to revisit and invalidate the state courts' decisions.

As counsel for Wells Fargo acknowledged toward the end of the hearing, not all judicial officers have applied the *Rooker-Feldman* doctrine in foreclosure cases. For example, in *Fletcher v. Federal National Mortgage Association*, No. 3:11cv00083, 2011 WL 5175611 (S.D. Ohio Oct. 4, 2011), a judicial officer from this District addressed a situation in which *pro se* plaintiffs brought a federal case arising from a state foreclosure proceeding, but that magistrate judge rejected the contention that *Rooker-Feldman* applied. The *Fletcher* magistrate judge explained:

> The *Rooker–Feldman* Doctrine prevents federal district courts from exercising appellate jurisdiction over state court judgments and applies to cases, "brought by state-court losers complaining of injuries caused by state-court judgments rendered

3

before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon–Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Accordingly, federal district courts lack jurisdiction under *Rooker–Feldman* when (1) a case is brought by parties unsuccessful in state court, (2) the plaintiff complains of injuries caused by state-court judgments, (3) the state-court judgment was rendered prior to the district court proceedings commencing, and (4) plaintiffs invite the district court to review and reject those state-court judgments. *Id.*

Because there is little question that Plaintiffs were unsuccessful in their state-court claims, the state-court judgments were rendered prior to proceedings commencing in this Court, and that Plaintiffs plainly seek rejection of those judgments, the sole question is whether the injuries of which Plaintiffs complain were caused by the state-court judgments.

Defendants correctly point out that the key to such a determination is the source of the alleged injuries. (Doc. # 18 at 127). However, they mistakenly rely on an unpublished opinion (*Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. Appx. 487, 490, 2005 U.S.App. LEXIS 28680, *8 (6th Cir. 2005)) to support their determination that Plaintiffs are complaining of injuries caused by the state-court judgments. (Doc. # 18 at 7). The Eastern Division of the United States District Court for the Southern District of Ohio held *Kafele* to have limited precedential value because (1) unpublished decisions are not controlling authority and (2) *Kafele* failed, "to recognize a significant change in circuit law wrought by the Supreme Court's ruling in *Exxon Mobile,* earlier the same year." *Miller v. Countrywide Home Loans, Inc.* 747 F. Supp. 2d 947, 957 (S.D. Ohio 2010) (citations omitted).

In order to provide guidance in the wake of *Exxon–Mobil Corp.*, the United States Court of Appeals for the Sixth Circuit explained:

Federal jurisdiction is proper if a federal plaintiff presents an independent claim, "albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." *Id.* [ *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) ] (quoting *GASH Assocs. v. Rosemont,* 995 F.2d 726, 728 (7th Cir.1993)). In the wake of *Exxon Mobil Corp.,* we recently adopted a Fourth Circuit rule to differentiate between claims attacking state-court judgments, which are barred by *Rooker–Feldman,* and independent claims, over which lower federal courts have jurisdiction. The focus, we held, must be on

... the source of the injury that the plaintiff alleges in

4

> the federal complaint. If the source of the injury is the state court decision, then the Rooker–Feldman doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.
>
> *McCormick [v. Braverman* ], 451 F.3d [382] at 393 [(6th. Cir.2006)]. Thus, a complaint in which the plaintiff contends he was injured by the defendants, rather than by the state court decision itself, is not barred by Rooker–Feldman, even if relief is predicated on denying the legal conclusion reached by the state court.

*Brown v. First Nationwide Mortg. Corp.,* 206 Fed.Appx. 436, 439 (6th Cir.2006).

The Sixth Circuit Court addressed a situation similar to the matter *sub judice* in *Todd v. Weltman, Weinberg & Reis Co., L.P .A.*, 434 F.3d 432 (6th Cir. 2006).  In *Todd*, the Plaintiff filed a complaint in the U.S. District Court for the Southern District of Ohio claiming that Defendant had filed a false affidavit as part of a garnishment action Defendant had previously executed against Plaintiff in Ohio state court.  *Id.* At 435.  The Defendant filed a motion to dismiss arguing, *inter alia*, that the *Rooker–Feldman* Doctrine barred jurisdiction.  *Id.* At 434.

Applying the Supreme Court's holding in Exxon–Mobile, the Sixth Circuit stated:

> The Rooker–Feldman doctrine does not preclude jurisdiction over Plaintiff's claim.  Defendant in the instant case claims this Court lacks subject matter jurisdiction because Plaintiff's federal claim is inextricably intertwined with the Ohio state court decision that Defendant's affidavit was valid.  This argument ignores the fact that Plaintiff here does not complain of injuries caused by this state court judgment, as the plaintiffs did in *Rooker* and *Feldman*.  Instead, after the state court judgment, Plaintiff filed an independent federal claim that Plaintiff was injured by Defendant when he filed a false affidavit. This situation was explicitly addressed by the *Exxon–Mobil* Court when it stated that even if the independent claim was inextricably linked to the state court decision, preclusion law was the correct solution to challenge the federal claim, not *Rooker–Feldman*.  While Defendant is technically correct that this guidance was not essential to the holding on the facts of *Exxon Mobil,* as that case dealt with parallel state and federal proceedings, the Supreme Court went

5

> beyond the facts of the case to give clear instructions to the circuits on how to address additional factual situations.  To follow the reasoning of Defendant would be to ignore these unambiguous directives from the Supreme Court.
>
> A brief reading of Plaintiffs' complaint shows it is clear that Plaintiffs claim their injuries were caused by the Defendants, rather than the state-court judgment.  Plaintiffs' claims include allegations of false affidavits, insufficient notice, and failure to show standing.  (Doc. # 2 at 16).  All of Plaintiffs' claims are based on alleged conduct of the Defendants.  Furthermore, the claims presented by Plaintiffs were not raised or addressed in the state-court action and are therefore independent claims permissible under *Rooker–Feldman.*  Accordingly, Plaintiffs claim is not barred under the *Rooker–Feldman* Doctrine.

*Fletcher*, 2011 WL 5175611, at *2-4.  Under this analysis, the preclusive effect of the *Rooker-Feldman* doctrine that proved dispositive in *Dunn* would not apply in the case *sub judice*.

This does not mean, however, that this Court could necessarily proceed to address the merits of Plaintiffs' claims.  Additional analysis in *Fletcher* provides:

> Although the *Rooker–Feldman* Doctrine does not prevent this Court from exercising jurisdiction, preclusion prevents the Court from providing Plaintiffs the relief they seek.  The difference is that preclusion is not a jurisdictional matter. *Exxon–Mobil,* 544 U.S. at 293.
>
> The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to, "give the same preclusive effect to a state-court judgment as another court of that State would give." *Id.* at 293 (citing *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986)).  Furthermore, 18 U.S.C. § 1257 provides that only the United States Supreme Court shall have authority to review final judgments rendered by a state's highest court. "Because the Supreme Court was specifically given jurisdiction to hear appeals from final judgments of the highest state courts, lower federal courts do not have jurisdiction to review such judgments."  *Peiper v. Am. Arbitration Ass'n*, 336 F.3d 458, 461 (6th Cir. 2003) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)).
>
> Plaintiffs state in their prayer for relief, "I want the Court to stop all impending action against my home.  I want the Court to vacate all actions the Defendant prevailed using false affidavits."  (Doc. # 2 at 16).  As a court of original jurisdiction, this Court lacks the authority to vacate a state-court judgment.  See *Feldman*, 460 U.S. at 483.

*Fletcher*, 2011 WL 5175611, at *4.  This latter analysis, subsequently adopted by a district judge in *Fletcher v. Federal National Mortgage Association*, No. 3:11cv083, 2011 WL 5191392, at *1 (S.D. Ohio Oct. 31, 2011), arguably could inform the Court's disposition of the issues Plaintiffs have placed before the Court.

In relevant part, Plaintiffs state in their prayer for relief that they seek:

> a.  The immediate issuance of a Preliminary Injunction or Temporary Restraining Order precluding the foreclosure sale of their property or any other disposition of the subject property pending the determination of this action.
>
> . . .
>
> d.  That the Court find the transactions the subject of this action are illegal and void.
>
> e.  That the foreclosure which was instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined.

(ECF No. 23, at 64.)  Such requests echo the relief impermissibly sought in *Fletcher*.  At the same time, however, Plaintiffs also seek monetary damages.  Marianne Perkins testified that Plaintiffs ask for damages, injunctive relief, and to "divest" Wells Fargo of the house based on her feeling that there has not been a "valid" foreclosure process.  In asking for more than the relief sought in *Fletcher*, Plaintiffs arguably push at least one aspect of the case again back toward a *Rooker-Feldman* issue.

Ultimately, it does not matter in terms of disposition whether the *Rooker-Feldman* doctrine rationale of *Dunn* or the doctrine of preclusion rationale of *Fletcher* applies here.  The end result is the same.  Under either analysis, as well as most likely under a *res judicata* analysis as presented by Wells Fargo, this Court is unable to grant Plaintiffs a stay of the sheriff's sale, and that is a conclusion sufficient to dispose of the injunctive relief motion.  *See Baker v. People's Choice Home Loan, Inc.*, No. 3:10-cv-327, 2010 WL 3447614, at *2-3 (S.D. Ohio Aug.

27, 2010) (noting problem with determining source of injury in foreclosure injunction case and concluding that "[o]n the basis of the evidence before it, this Court cannot determine definitively whether its subject matter jurisdiction is ousted by the Rooker-Feldman doctrine or whether the action is barred on the merits by *res judicata.*  However, it is clear that Plaintiff has not established that it is likely she will prevail on the merits.").

Even if this Court were wholly incorrect and the *Dunn* or *Fletcher* approaches cannot apply here, the request for injunctive relief fails on the merits.  In considering whether injunctive relief is warranted, this Court must consider (1) whether Plaintiffs have demonstrated a strong likelihood of success on the merits; (2) whether Plaintiffs will suffer irreparable injury in the absence of equitable relief; (3) whether a stay would cause substantial harm to others; and (4) whether the public interest is best served by granting a stay.  *Cooey v. Strickland*, 589 F.3d 210, 218 (6th Cir. 2009) (citing *Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007); *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)).  The Sixth Circuit has explained, " '[t]hese factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together.' "  *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

Plaintiffs have failed to demonstrate a strong likelihood of success on the merits. Marianne Perkins testified that she "feels" that Plaintiffs have proven their RICO claim "95%," but Plaintiffs failed to offer much in the way of actual evidence to support this feeling.  Rather, Plaintiffs "ask[] this Court to build inference upon inference and to accept conclusory speculation as evidence."  *Nuovo v. Whitacre*, No. 2:10-cv-240, 2010 WL 2294271, at *4 (S.D.

Ohio June 3, 2010).  This is problematic for Plaintiffs because, as this Court has previously

noted, "[s]peculation is not evidence."  *Cooey v. Strickland*, No. 2:04-cv-1156, 2010 WL

1610608, at *2 (S.D. Ohio Apr. 16, 2010).  Marianne Perkins testified a number of times and

stated in oral argument that discovery is needed.  Such discovery may or may not uncover

evidence that would support Plaintiffs' claims.  The absence of supporting evidence at this

juncture precludes this Court from concluding that the first factor weighs in favor of granting

injunctive relief.

      Plaintiffs have similarly failed to establish that they will suffer irreparable injury in the

absence of equitable relief.  This Court recognizes the subjective emotional issues surrounding

the loss of a residence, but the Court is cognizant that "although Plaintiffs face what could be the

imminent removal from their home, they have not shown that they will suffer irreparable harm

from the occurrence of that event."  *Fletcher v. Fed. Nat'l Mortg. Ass'n*, No. 3:11cv00083, 2011

WL 1337422, at *3 (S.D. Ohio Mar. 18, 2011).  Rather, "if they eventually prove one or more

violations of their legal rights, they may be entitled to recover monetary/compensatory

damages."  *Id.*  The Sixth Circuit has explained that "a plaintiff's harm is not irreparable if it is

fully compensable by money damages."  *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th

Cir. 1992).

      In addition to removal from the house in which they are currently residing, Plaintiffs also

assert that the effect of a foreclosure on their credit reports presents irreparable harm.  This

argument fails to credit (as discussed above) that this Court cannot invalidate the foreclosure

judgment as a form of relief.  At best, this Court could award only monetary damages.

Moreover, Plaintiffs have failed to present any evidence that the sheriff's sale (as opposed to the

foreclosure judgment) would harm their credit reports.

Because neither of the first two factors in the injunctive relief inquiry weigh at all in Plaintiffs' favor, this Court will not discuss the remaining two factors, which implicate some complicated issues upon which little or no evidence was presented.  *See, e.g., Baker*, 2010 WL 3447614, at *4 ("It is impossible to tell whether the public interest favors stopping one more foreclosure sale in an area of the nation with an extraordinary burden of such sales at the present or whether, instead, the health of the residential real estate market might be boosted by rapid enforcement of mortgage obligations.").  Additionally, having concluded that the request for a preliminary injunction fails on multiple grounds, this Court need not and will not discuss Wells Fargo's remaining alternative arguments against injunctive relief.

The Court **DENIES** Plaintiffs' motion for a preliminary injunction.  (ECF No. 12.)

**IT IS SO ORDERED**.


            /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE